UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JONATHAN KING** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-916** |
| **SOUTHERN EAGLE SALES AND SERVICE, L.P.** | **SECTION "L" (5)** |

ORDER AND REASONS

Before the Court is Defendant Southern Eagle Sales and Service, L.P.'s Motion for Partial Summary Judgment to dismiss Plaintiff's claims under the Fair Labor Standards Act for failure to pay overtime and retaliatory discharge. R. Doc. 30. Plaintiff opposes this motion. R. Doc. 36. Defendant filed a reply to Plaintiff's opposition. R. Doc. 44. After considering the briefings and applicable law, the Court now rules as follows.

I.  BACKGROUND

This case arises out of events that occurred toward the end of Plaintiff Jonathan King's ("Plaintiff") six-year employment at a beverage wholesale facility and distribution center in Metairie, Louisiana. R. Doc. 1 at 7. Plaintiff contends that he was intentionally misclassified as an exempt employee under the Fair Labor Standards Act ("FLSA"), which enabled his employer, Southern Eagle Sales and Service, L.P. ("Southern Eagle" or "Defendant"), to withhold overtime wages for hours worked beyond the scope of Plaintiff's employment or in excess of forty (40) hours per week. R. Doc. 1 at 4-5, 9.

Plaintiff alleges violations of the FLSA, 29 U.S.C. § 201, *et seq*. for (1) failure to provide overtime pay and (2) retaliatory discharge occurring after Plaintiff's repeated requests for additional compensation. R. Doc. 1 at 12. In response to one of Plaintiff's verbal complaints voiced

1

over the final two years of his employment, Plaintiff claims, a warehouse manager claimed to be "trying to get him (Plaintiff) compensated for the extra hours worked." R. Doc. 1 at 8. Plaintiff argues the decision to withhold compensation was made knowingly, willfully, or in reckless disregard of the FLSA. R. Doc. 1 at 11.

Defendant generally denies Plaintiff's allegations, including denying that Plaintiff's verbal complaints to company management ever took place. R. Doc. 5 at 4-5. Among its thirteen affirmative defenses, Defendant asserts that Plaintiff failed to mitigate his damages, Plaintiff failed to state a claim upon which relief can be granted, and Plaintiff's claims do not survive the applicable statute of limitations. R. Doc. 5 at 10. Defendant likewise asserts it was reasonable to assume its actions complied with the FLSA and that it qualifies for the FLSA's good faith exception. R. Doc. 5 at 11. Plaintiff and Defendant agree that jurisdiction and venue are proper in the United States District Court for the Eastern District of Louisiana. R. Docs. 1 at 3, 5 at 2.

## II.     PENDING MOTION

Defendant brings this motion for partial summary judgment on the following issues: 1) whether Plaintiff was properly categorized as exempt from FLSA overtime requirements and 2) whether Plaintiff's termination was retaliation. R. Doc. 30. Defendant argues that Plaintiff met an overtime exemption under the FLSA because his job duties, title, and job description showed that he was in a supervisory role. R. Doc. 30 at 3-6. Defendant further argues that Plaintiff has failed to plead a prima facie case of retaliation under the FLSA. *Id.* at 9. Defendant argues that Plaintiff has failed to meet this burden because he was legitimately discharged for misconduct after he violated company policy by sharing information about other employees' salaries. *Id.* at 9.

In opposition, Plaintiff argues that genuine issues of fact exist as to whether Plaintiff was misclassified and that he does not fit under the FLSA's executive exemption. R. Doc. 36 at 6.

Plaintiff denies Defendant's assertion that Plaintiff's suggestions and recommendations about the performance of other employees were given particular weight. *Id.* at 7-11. Plaintiff also argues that manual labor constituted the majority of his working hours as well as the primary value of his employment to Southern Eagle. *Id.* at 13-14, 16. Plaintiff disputes Defendant's contention that Plaintiff was free from supervision during his shifts, claiming he was continually monitored by video surveillance. *Id.* at 14-15. Further, Plaintiff claims that his effective hourly rate was lower than the effective hourly rates of some subordinates who were paid overtime. *Id.* at 17-18.

Plaintiff argues his retaliation claim survives summary judgment because his complaints put Defendant on notice of an FLSA violation and thus rise to the level of protected activity. *Id.* at 20. Plaintiff believes he has shown that Defendant's reason for termination was pretextual given record evidence that Defendant previously discussed Plaintiff's employment classification. *Id.* at 22. Additionally, Plaintiff rejects Defendant's characterization that Plaintiff looked through a manager's desk to find salary information, asserting that he came upon the information innocently. *Id.* at 23-24.

## APPLICABLE LAW

### a. Rule 56

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). When ruling on a motion for summary judgment, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 322. "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* The court must find "[a] factual dispute [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party [and a] fact [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Moreover, the court must assess the evidence and "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). But "unsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Anderson*, 477 U.S. at 249–50).

### b. FLSA Exemption Provision

The FLSA requires employers to pay certain employees at a higher rate for hours worked in excess of forty hours per week. 29 U.S.C. § 207(a). However, the overtime requirement allows an exemption for "any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). A Department of Labor regulation establishes four requirements for this exemption: (1) that the employee be "compensated on a salary basis . . . at a rate of not less than $684 per week"; (2) that the employee's "primary duty" be "management of the enterprise in which [he] is employed or of a customarily recognized department or subdivision thereof"; (3) that

4

the employee "customarily and regularly direct[] the work of two or more other employees"; and (4) that the employee "[have] the authority to hire and fire other employees" or that his "suggestions and recommendations as to the hiring firing, advancement, promotion, or any other change of status of other employees [be] given particular weight." 29 C.F.R. § 541.100(a)(4). All four of these requirements must be satisfied for an employee to be exempt. *Escribano v. Travis Cnty., Tex.*, 947 F.3d 265, 267 (5th Cir. 2020).

### c. FLSA Retaliation Provision

The FLSA prohibits "discharg[ing] or in any manner discriminat[ing] against any employee because [he] has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter . . . ." 29 U.S.C. § 215(a)(3). A three-part, burden-shifting framework applies to retaliation claims. *Hagan v. EchoStar Satellite, L.L.C.*, 529 F.3d 617, 624 (5th Cir. 2008). First, the plaintiff "must make a *prima facie* showing of (1) participation in a protected activity under the FLSA; (2) an adverse employment action; and (3) a causal link between the activity and the adverse action." *Id.* An "informal, internal complaint" may be considered protected activity, but it "must be sufficiently clear and detailed for a reasonable employer to understand it . . . as an assertion of rights protected by the statute and a call for their protection." *Trigueros v. New Orleans City*, 2018 WL 2336321, at *2 (E.D. La. May 23, 2018); *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011). Though it need not refer to the FLSA, the complaint must "be framed in terms of potential illegality." *Lasater v. Tex. A&M Univ.-Commerce*, 495 F. App'x 458, 461 (5th Cir. 2012). Second, if the plaintiff makes a *prima facie* case, "the defendant must then articulate a legitimate, non-discriminatory reason for its decision." *Hagan*, 529 F.3d at 624. Third, "the burden shifts to the plaintiff to demonstrate that the proffered reason is a pretext for discrimination." *Id.* This final step entails proving that "the

5

adverse employment action would not have occurred 'but for' the protected activity." *Rios v. Rossotti*, 252 F.3d 375, 380 (5th Cir. 2001).

### III. DISCUSSION

#### a. Whether Plaintiff Was Exempt from Overtime Under the FLSA

Defendant argues Plaintiff was exempt from the FLSA's overtime requirement under the executive exemption, an argument for which Defendant bears the burden of proof. *Miller v. Travis Cnty., Tex.*, 953 F.3d 817, 819-20 (5th Cir. 2020). The Court finds that genuine issues of material fact remain for two of the exemption's requirements: (1) that management be Plaintiff's primary duty, and (2) that Plaintiff's suggestions regarding changes in the status of other employees be given particular weight.

Plaintiff's deposition testimony stated that manual labor, not management, took up most of his time and was his most important contribution to the company. R. Doc. 36 at 13-14, 16-17. Plaintiff also testified that he was frequently subject to supervision and that his effective hourly pay was sometimes below that of non-managerial workers. *Id.* at 14-15, 17-19. These allegations call into question whether management was Plaintiff's primary duty. Plaintiff also testified that he rarely participated in employment decisions affecting others and that his suggestions did not strongly influence staffing decisions. *Id.* at 8. This claim calls into question whether Plaintiff's staffing recommendations were given particular weight.

If any one of the executive exemption's requirements is not met, the exemption cannot apply. *Escribano*, 947 F.3d at 267. This rule applies regardless of Plaintiff's job title or his supervisors' perception of his role. Because disputed facts call into question whether some of the exemption's requirements are met, there remains a genuine dispute of material fact on whether Plaintiff was properly classified as exempt under the FLSA.

6

### b. Whether Plaintiff's Termination was Retaliation Under the FLSA

Defendant argues that the evidence Plaintiff has provided does not create a genuine dispute of material fact as to whether Plaintiff's termination was retaliation. However, the Court finds that genuine issues of fact remain regarding two elements of Plaintiff's *prima facie* case: (1) whether Plaintiff's complaints constituted protected activity, and (2) whether there was a causal link between this activity and the adverse action, plaintiff's termination.

Plaintiff testified that he made requests to supervisors to "put me on the clock" and complained that he should not have been classified as a supervisor. R. Doc. 30 at 10. Further fact development is needed to determine whether these actions put Defendant on notice of the potential illegality of Plaintiff's classification and thus constituted protected activity under the FLSA. *See Lasater*, 495 Fed. App'x at 461 (noting that an "oral complaint" may suffice and that "a plaintiff need not explicitly refer to the FLSA statute itself"). Further fact development is also needed to determine whether Plaintiff's termination was causally related to his complaints.

The Court also finds that a genuine dispute of material fact remains as to whether Plaintiff has shown that Defendant's proffered reason for his termination was pretext. Plaintiff has shown that his supervisors were aware of his repeated complaints about his lack of overtime pay and had contemplated the problem of classifying Plaintiff's position. R. Doc. 36 at 20, 22. Additionally, Plaintiff was terminated only a few days after his latest complaint about his classification. *Id.* at 21. Courts consider close timing between a plaintiff's complaint and the adverse action an indicator of retaliation. *See Valderaz v. Lubbock Cnty. Hosp. Dist.*, 611 F. App'x 816, 823 (5th Cir. 2015) (noting that a plaintiff may satisfy the causal element of a *prima facie* case of retaliation based on "temporal proximity alone if it is 'very close.'"). Thus, these allegations are sufficient to create a genuine dispute as to whether the proffered reason for Plaintiff's termination, his disclosure of

7

salary information in violation of company policy, was a pretext for retaliation against his FLSA-related complaints.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Southern Eagle's Motion for Partial Summary Judgment, R. Doc. 30, is **DENIED.**

New Orleans, Louisiana, this 29th day of June, 2021.

>  *(signature)*
> _____
> District Judge Eldon E. Fallon